The opinion of the court was delivered by
Marr, J.
Nalle brought suit against his lessee, F. M. Grant, to recover the rent of a plantation for two years. In the petition he claimed the lessor’s privilege on the crop and movables found on the premises, which he caused to be sequestered ; and he prayed for judgment, “ and *1149 that his privilege and right of pledge be recognized, and that the property seized be sold to pay his debt.”
Grant procured an order under which the property sequestered was released on his giving bond, with Baird as his surety, in favor-of Nalle, in the amount fixed by the order of the judge, the condition of which is if the said plaintiff shall faithfully present the said property, or its value, provided judgment should be rendered against him, then this bond to be null and void, otherwise to remain in full force and effect.”
Nalle prosecuted his suit to judgment; which was rendered for the whole amount of the rent due, subject to certain credits, and which is entirely silent as to the privilege and right of pledge claimed in the petition. Execution issued on the judgment, the result of which was that the sheriff found no property, after demand made of Grant to point out the property sequestered, and to point out other property to satisfy the writ. Thereupon this suit was brought against Baird, the surety in the release bond.
Baird excepted that the petition discloses no cause of action; and that no liability has attached to him, for the reason that no cause of action could accrue against him as a judicial surety, until the necessary steps have been taken to enforce judgment against the principal, “ which has not been done in this case.”
The Judge of the District Court maintained the first ground of exception, and dismissed the suit, without passing upon the second ground: and plaintiff appealed.
On the trial of the exception the defendant offered in evidence, without objection, the record and proceedings in the original suit, Nalle vs. Grant; but, on an exception that the petition discloses no cause of action, the Court can consider only the allegations of the petition, and the exhibits referred to and made part of the petition. The release bond is the only part of the record which is made part of the petition. The plaintiff states that he recovered judgment against Grant, that he caused fieri facias to issue on that judgment: that demand was made of Grant to deliver the property that was sequestered, “and he failed and refused to deliver said property to the sheriff, and demand was then made upon him to point out other property * * * and that he failed to point out other property,, and plaintiff knowing of no other property, and the sheriff being unable to find property belonging to Grant * * the writ was returned nulla bona, and in no part satisfied.”
The release bond is in no respect in conformity with the Code of Practice. Article 279 requires the bond to be given to the sheriff. This bond is in favor of the plaintiff. Article 280 prescribes the condition of the bond, that defendant shall not send away the movables sequestered out of the jurisdiction of the court; that he shall not make an *1150 improper use of them; “and that he will faithfully present them, after definitive judgment, in case he should be decreed to restore the same to the plaintiff.”
It is well settled that judicial bonds must be construed with ref■erence to the law or the order of the court under which they are given. Perhaps it might not be material, so far as the liability of the surety is concerned, that this bond was not given in favor of the sheriff, as the 'law requires ; and perhaps we might substitute, in the condition, the word defendant for plaintiff. But if we had the authority to change the condition in any respect, we should be compelled to add the clause, “ in •case he should be decreed to restore the same to the plaintiff.”
The release bond takes the place of the property ; and the law intends and requires that the sheriff shall take the boncl, upon his official responsibility. He must, at his peril, see that the sureties are good and ■solvent. He must return the bond into court, and assign it to the plaintiff, who is allowed twenty days within which to object to the suffi•ciency of the security ; and if it be found insufficient on such objection, the sheriff shall be liable as surety on the bond. C. P. 225, 226, 259, 279. It is the business and the duty of the sheriffs to conform to these re■quirements of the law; and their failure to do so might subject them to 'liability for the value of the property sequestered.
If we take this bond as it is, the condition is absurd, and no recoVj «ery can be had upon it. If we reform it, we must make it conform ti the requirements of article 280; and in that case the surety would be liable only in the event that the defendant should be decreed to restore the property to the plaintiff. It is not alleged, it must therefore be assumed that it is not true, that any such decree was rendered in the •suit in which the bond was given. The judgment is purely in personam, against Grant, the lessee, for the rent due; and the lessor’s privilege and right of pledge are wholly ignored.
And here a distinction must be observed. A lessor might sue his ■tenant for the rent, and fail to sequester or to seize provisionally the property subject to his privilege and right of pledge, or to pray for a recognition of his rights. This would not impair his right to seize the property, and to subject it, if still on the leased premises, as effectually •as if he had sequestered or seized provisionally in limine. But where the plaintiff in a suit demands the recognition of his privilege and right of pledge, and allows judgment to be rendered for the debt only, without mention of the accessory rights demanded, the judgment is conclusive ■against these rights.
Now, the surety in a release bond is entitled by law to full subrogation to the rights of the plaintiff; and if the plaintiff allows a judgment ■•to be rendered by which his rights and privileges on the property are *1151 lost, this of itself would discharge the surety to the extent of the value of the property. See Hill vs. Bourcier & Pond, 29 An. 841.
We think the petition fails to disclose a cause of action against Baird, the surety, because it fails to allege that the defendant was decreed to restore the property to the plaintiff. Where the suit is to enforce a privilege and right of pledge, the usual formula is to decree in favor of plaintiff the debt demanded, with lien and privilege, and in cases of rent, with lessor’s right of pledge on the property sequestered or provisionally seized. This would be a decree, in effect, requiring the defendant to restore the property in order that it might be subjected to plaintiff’s rights. If the plaintiff were the owner of the property, the decree would declare him to be the owner, and decree that it be restored to him ; but without a decree which, in effect, condemns the defendant to restore the property, the surety in the release bond is not legally liable.
The judgment appealed from is in accordance with our views of the law ; and it is, therefore, affirmed with costs.